IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON

**WENDELL CRUSE,**

    **Plaintiff,**

v.                                             Case No. 3:15-cv-03872

**JOHN TALBOT, Cabell County
Deputy Sheriff, et al.,**

    **Defendants.**

## PROPOSED FINDINGS AND RECOMMENDATION

This matter is assigned to the Honorable Robert C. Chambers, Chief United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). Pending before the court is the defendants' Motion to Dismiss for Insufficiency and Service of Process (ECF No. 24).

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY,** without prejudice, the defendants' Motion to Dismiss for Insufficiency and Service of Process (ECF No. 24) and **QUASH** the service of the summonses which were improperly served on the defendants herein. By separate Order, the undersigned has granted the plaintiff's Motion to Produce Documents (ECF No 26) and granted the plaintiff leave to file a Second Amended Complaint by **March 25, 2016**.

## PROCEDURAL HISTORY

On March 30, 2015, the plaintiff, Wendell Cruse, filed a Complaint under 42 U.S.C. § 1983 against John Talbot, John Miller and John Doe, who are allegedly Cabell County

Deputy Sheriffs, and Jim Johnson who is listed as the Director of Drug Control Policy in Huntington, West Virginia. (ECF No. 1). By Order entered on June 30, 2015 (ECF No. 14), United States Magistrate Judge Cheryl A. Eifert granted the plaintiff's Applications to Proceed Without Prepayment of Fees and Costs (ECF Nos. 8 and 12), granted the plaintiff's Motion to Amend Complaint (ECF No. 13) and ordered service of process upon each defendant named in the Amended Complaint (ECF No. 15). Because the plaintiff is proceeding *in forma pauperis*, an officer of the court is responsible for service of process on his behalf. *See* 28 U.S.C. § 1915(d). Accordingly, Judge Eifert directed the United States Marshals Service to perform such service, who attempted such service by certified mail, return receipt requested. However, delivery was not restricted to the addressee, which fails to conform to the applicable rules of civil procedure. The referral of this matter was subsequently transferred to the undersigned United States Magistrate Judge.

On August 7, 2015, the Cabell County defendants, by counsel, Nathaniel A. Karatomi, David Alan Holtzapfel and the law firm of Jekins Fenstermaker, filed the instant Motion to Dismiss for Insufficiency and Service of Process (ECF No. 24) and a Memorandum of Law in support thereof (ECF No. 25).[1] The Motion and Memorandum assert that the plaintiff's Complaint should be dismissed pursuant to Rules 12(b)(4) and 12(b)(5) of the Federal Rules of Civil Procedure for insufficient process and insufficient service of process on all defendants purported to be Cabell County Deputy Sheriffs. The plaintiff filed a response to the Motion to Dismiss disputing such dismissal (ECF No. 27) and the defendants filed a reply (ECF No. 28). Accordingly, the Motion to Dismiss is ripe for adjudication.

---

[1] Defendant Jim Johnson has appeared by counsel, Steven K. Nord and the law firm of Offut Nord, and has filed an Answer to the Amended Complaint. Accordingly, the pending Motion to Dismiss is unrelated to defendant Johnson.

2

## ANALYSIS

It is apparent from the record in this matter that the summonses for the named Cabell County Deputy Sheriffs were not properly served in accordance with Rule 4(e)(1) of the Federal Rules of Civil Procedure (which incorporates Rule 4(d)(1)(D) of the West Virginia Rules of Civil Procedure), or Rule 4(j)(2)(A) and (B) of the Federal Rules of Civil Procedure (which incorporates Rule 4(d)(6)(A) of the West Virginia Rules of Civil Procedure). Although these rules permit service upon an individual by the Clerk via certified mail, return receipt requested, such certified mail must be restricted to the addressee. As noted in the defendants' Memorandum of Law in support of their Motion to Dismiss, none of the certified mailings in this case was restricted to the addressee. (ECF No. 24 at 4-5).

Furthermore, the defendants' Memorandum of Law contends that the Cabell County Sheriff's Department does not employ any individuals by the names "John Talbot," or "John Miller." (*Id.* at 3-4). The plaintiff's Response clarifies that he believes that those were the last names of the officers who arrested him, and that, because he did not know their first or full names, he used "John," like "John Doe." The plaintiff further asserts that the Cabell County Sheriff's Department knows the identity of the officers who were involved in his arrest and he has requested that they produce documents that would so indicate. By separate Order, the undersigned has granted the plaintiff's Motion to Produce Documents (ECF No. 26) and has directed defense counsel to ensure that any arrest report, criminal complaint or other public documentation concerning the plaintiff's arrest on March 9, 2015 be produced to the plaintiff by **March 11, 2016**. Additionally, the undersigned has granted leave to the plaintiff to file a Second Amended Complaint, naming proper defendants, by **March 25, 2016.**

Based upon the insufficiency of process and the improper service thereof, the defendants have requested that the plaintiff's Complaint be dismissed pursuant to Rules 12(b)(4) and 12(b)(5) of the Federal Rules of Civil Procedure. However, because an officer of the court is responsible for performing service of process on behalf of the indigent *pro se* plaintiff, *see* 28 U.S.C. § 1915(d), the undersigned proposes that the presiding District Judge **FIND** that the plaintiff should not be held responsible for the mistakes that were made with service of process in this matter by officers of the court.

Therefore, the undersigned further proposes that the presiding District Judge **FIND** that dismissal of the plaintiff's Amended Complaint for insufficient service of process under Rule 12(b)(5) is not appropriate under the circumstances. Additionally, in light of the ruling permitting the plaintiff leave to file a Second Amended Complaint naming proper defendants, the undersigned further proposes that the presiding District Judge **FIND** that dismissal under Rule 12(b)(4) for insufficient process is also not warranted, and should be dismissed without prejudice. Rather, the undersigned proposes that the presiding District Judge **FIND** that the proper remedy under the circumstances is to quash the service of the previous summonses and to issue new summonses for service upon properly named defendants in accordance with the appropriate rules of civil procedure.

## RECOMMENDATION

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY,** without prejudice, the defendants' Motion to Dismiss for Insufficiency and Service of Process (ECF No. 24) and **QUASH** the service of the summonses which were improperly served on the identified defendants herein.

4

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, Chief United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the plaintiff shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing parties (or their counsel where applicable) and Chief Judge Chambers.

The Clerk is directed to file this Proposed Findings and Recommendation, to mail a copy of the same to the plaintiff and to transmit a copy to counsel of record.

February 29, 2016

Dwane L. Tinsley
United States Magistrate Judge